1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Curtis O. Barnes, P.C., Curtis O. Barnes,
7  Fortis Capital, LLC and Daniel Rupp

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12  RHONDA HARRISON,                 )  CASE NO.: C07 05529 JF
                                     )
13          Plaintiff,               )
                                     )  **DEFENDANTS' MOTION TO**
14          vs.                      )  **SET ASIDE CLERK'S**
                                     )  **DEFAULT (F.R.C. P. 55(c))**
15  CURTIS O. BARNES, P.C.,          )
    CURTIS O. BARNES, FORTIS         )  Date:  April 18, 2008
16  CAPITAL, LLC, and DANIEL         )  Time:  9:00 a.m.
    RUPP,                            )  Crtrm.: 3, 5th Floor
17                                   )
            Defendants.              )  The Honorable Jeremy Fogel
18                                   )
                                     )
19  ─────────────────────────────── )

20

21

22

23

24

25

26

27

28

---

HARRISON V. CURTIS O. BARNES, P.C. ET AL. (CASE NO. C07 05529 JF)
DEFENDANTS' MOTION TO SET ASIDE DEFAULT

1     TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that on April 18, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of this Court, located at 280 South 1st Street, San Jose, California, 95113, the Honorable Jeremy Fogel presiding, defendants Curtis O. Barnes, P.C., Curtis O. Barnes, Fortis Capital, LLC and Daniel Rupp will and hereby do move this Court for an Order, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, setting aside the default entered by the Clerk against Defendants in this action on January 24, 2008. The motion is made on the grounds that excusable neglect resulted in the failure to file a timely answer by Defendants, and Defendants have a good and meritorious defense to the claims for relief alleged in the Complaint.

This motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of the Motion, the Declarations of Robert Barnes and Tomio B. Narita in Support of the Motion, upon all of the records on file in this action, and upon such other and further evidence or argument that the Court may permit at the hearing in this matter.

DATED: February 19, 2008        SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By:    s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendants

1  **I.      INTRODUCTION**

2           After they were served with the Complaint in this case, Defendants Curtis
3  O. Barnes, P.C., Curtis O. Barnes, Fortis Capital, LLC and Daniel Rupp
4  ("Defendants") contacted counsel for Plaintiff directly.  They tried to resolve the
5  case in good faith before they needed to hire outside counsel and without incurring
6  the expense of defense.  Although the parties had discussions and exchanged
7  information, no settlement was reached.  Defendants then decided to retain outside
8  counsel to respond to the complaint, and they notified counsel for Plaintiff of this
9  decision.  Within days, however, Plaintiff elected to run to court and seek entry of
10 default, which the Clerk then entered.  Defendants have repeatedly requested that
11 Plaintiff stipulate to set aside the default, but Plaintiff has refused, thereby forcing
12 Defendants to bring this motion.
13          Good cause exists for setting aside the default here.  The initial delay in
14 filing a response to the Complaint was a result of the parties' ongoing settlement
15 discussions.  When those discussions broke down, Defendants contacted outside
16 counsel to file an answer to the Complaint.  The Defendants' liason, Robert
17 Barnes, had to leave the office for a week to handle a trial, but he believed that
18 Defendants' engagement agreement and retainer had been delivered to outside
19 counsel, and that outside counsel would be filing a response.  Mr. Barnes later
20 learned that, in fact, the agreement and retainer had been lost in the mail.  He then
21 promptly sent a new agreement and retainer to counsel.
22          Despite being informed of these events, Plaintiff has refused to agree to set
23 aside the default.  Plaintiff has never identified any prejudice that would result if
24 the default was set aside.
25          Defendants seek an Order, pursuant to Rule 55(c) of the Federal Rules of
26 Civil Procedure, setting aside their default.
27
28

## II. ARGUMENT

### A. Standards Governing Motions to Set Aside Defaults

The court may set aside a default "for good cause shown." *See* F. Rule Civ. Proc. Rule 55(c). The Ninth Circuit has repeatedly emphasized that cases should be tried on the merits whenever possible, and that default judgments are "appropriate only in extreme circumstances."

> Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.

*See TCI Group Life Ins. Plan v. Knoebbler*, 244 F.3d 691, 696 (9th Cir. 2001) *citing Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wright*, 783 F.2d 941, 945 (9th Cir. 1986) (affirming district court's decision to set aside default: "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.").

Under Rule 55(c), just as with Rule 60(b), the court applies a three-part test for determining whether a default should be set aside: 1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff. *See Knoebbler*, 244 F. 3d at 696.

### B. Good Cause Exists For Setting Aside The Default Here

The Court should set aside the default here, because Defendants have a meritorious defense, they have not engaged in any culpable conduct, and Plaintiff will not be prejudiced if the default is set aside. As set forth in the declarations of Robert Barnes and Tomio Narita, filed herewith, Defendants have acted diligently and in good faith since the time they were served with the Complaint just a few

months ago.  Mr. Barnes promptly contacted counsel for Plaintiff, Ronald Wilcox, and sought to explore settlement.  At the request of Mr. Wilcox, Mr. Barnes voluntarily produced information concerning Plaintiff's account to Mr. Wilcox so that he could evaluate it as part of the parties' effort to reach an early resolution.

Subsequently, when it became clear that the case was not going to be resolved promptly, Defendants located outside counsel (Mr. Narita) to defend them, and Defendants informed Mr. Wilcox that he should contact Mr. Narita.  Mr. Barnes then instructed his staff to mail the signed engagement agreement and retainer to Mr. Narita' office.  Unfortunately, the signed engagement and retainer were lost in the mail, and Mr. Barnes did not learn of this until after he returned from a trial.  Upon confirming that the retainer and agreement had been lost, Mr. Barnes promptly instructed his staff on January 23, 2008, to resend the retainer and the engagement agreement.

On January 25, 2008, Mr. Narita contacted Mr. Wilcox and informed him that he had been retained by Defendants.  Mr. Narita asked Mr. Wilcox to stipulate to set aside the default to that Defendants would be able to file an Answer.  Despite repeated requests, Plaintiff has refused to stipulate to setting aside the default, thereby forcing Defendants to file this motion.

As reflected in their proposed Answer to the Complaint, Defendants deny all of the material allegations of the Complaint, and Defendants have meritorious defenses which they intend to pursue.  Plaintiff has never identified any prejudice that would result if the default is set aside.

### III. CONCLUSION

Good cause exists for setting aside the default.  There was no culpable conduct by Defendants.  There was a short delay in preparing the Answer, because Defendants had sought to resolve the case first with Plaintiff, and because the Defendants' engagement agreement and retainer was lost in the mail.  Although

1  Defendants acted promptly to rectify the situation, Plaintiff ran to Court, sought
2  and obtained a default, and has refused to stipulate to setting it aside.  Defendants
3  have meritorious defenses to the claims asserted in the Complaint.
4      Defendants respectfully request that the Court enter an Order setting aside
5  their default and permitting Defendants to file an Answer to the Complaint.

7  DATED: February 19, 2008        SIMMONDS & NARITA LLP

10         By:   s/Tomio Narita
            Tomio B. Narita
11             Attorneys for Defendants