TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Curtis O. Barnes, P.C., Curtis O. Barnes,
Fortis Capital, LLC and Daniel Rupp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA HARRISON,<br><br>       Plaintiff,<br><br>       vs.<br><br>CURTIS O. BARNES, P.C.,<br>CURTIS O. BARNES, FORTIS<br>CAPITAL, LLC, and DANIEL<br>RUPP,<br><br>       Defendants. | CASE NO.: C07 05529 JF<br><br>**DECLARATION OF ROBERT BARNES IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT**<br><br>Date: April 18, 2008<br>Time:  9:00 a.m.<br>Crtrm.: 3, 5th Floor<br><br>The Honorable Jeremy Fogel |

1    I, Robert Barnes, declare as follows:

2    1.    I am an attorney duly licensed to practice before all courts of the State

3    of California. I am employed by defendant Curtis O. Barnes, P.C. I make this

4    declaration in support of Defendants' Motion to Set Aside Default. I have

5    personal knowledge of the facts set forth below, and could and would testify

6    thereto if called upon to do so.

7    2.    On or about November 29, 2007 defendants Curtis O. Barnes, P.C.,

8    Curtis O. Barnes and Daniel Rupp were served with the Summons and Complaint

9    in this action, and defendant Fortis Capital, LLC was served on or about

10   December 10, 2007.

11   3.    On or about December 5, 2007, on behalf of Defendants, I contacted

12   counsel for Plaintiff, Ronald Wilcox, in an attempt to resolve this matter before

13   Defendants were forced to retain outside counsel to respond to the Complaint.

14   Although I had a number of discussions with him regarding potential resolution,

15   and I sent him our firm's account notes and phone logs at his request, we were

16   unable to reach agreement. I therefore asked Mr. Wilcox for an extension of time

17   for Defendants to file their answer. Mr. Wilcox granted the extension through

18   January 11, 2007.

19   4.    Defendants subsequently made the decision to retain outside legal

20   counsel to handle the defense of this matter. On January 10, 2008, I contacted

21   Tomio Narita of Simmonds & Narita LLP to discuss whether he would represent

22   the Defendants. Mr. Narita agreed to review the complaint and, if he was able to

23   represent Defendants, he agreed to prepare an engagement agreement. He sent the

24   agreement to me on January 11, 2008.

25   5.    On January 11, 2008, I emailed Mr. Wilcox and informed him that

26   Defendants had retained Tomio Narita to defend the case. I informed Mr. Wilcox

27   that Mr. Narita would file an answer to the Complaint on behalf of Defendants the

28

1  next week and further, asked Mr. Wilcox to contact Mr. Narita regarding this
2  matter. A true and correct copy of that email is attached hereto as **Exhibit A**.

3       6.     With the assumption that the executed engagement agreement and
4  retainer had been returned to Mr. Narita, and that his firm had therefore been
5  engaged to represent Defendants, I left the office to attend a trial in another matter
6  during the week of January 14 through January 18, 2008.

7       7.     I later learned that the agreement and retainer had been lost in the
8  mail, and that, as a result, Mr. Narita had not received the retainer and executed
9  engagement agreement, and he had not appeared in this action for Defendants.
10  Accordingly, on January 23, 2008, I directed my staff to stop payment on the
11  original retainer, and to send a new retainer and engagement agreement to Mr.
12  Narita's office promptly.

13       8.     I believe that Defendants have meritorious defenses to the allegations
14  made in the Complaint in this action. A true and correct copy of the Answer
15  Defendants propose to file in this action is attached hereto as **Exhibit B**.

16       I declare under penalty of perjury under the laws of the State of
17  California that the foregoing information is true and correct. Executed this 19th
18  day of February, 2008 in San Diego, California.

19

20

21       By: _____

22       Robert Barnes

23

24

25

26

27

28

Exhibit A

## Rob Barnes

**From:**     Rob Barnes
**Sent:**     Friday, January 11, 2008 4:58 PM
**To:**       'Ronald Wilcox'
**Subject:**  RE: Harrison v. Barnes

Ron,

I've retained outside counsel who should be filing an answer either today or early next week.  He is Tomio Narita, and I believe you know him.  Please contact him regarding this matter.  I'm sorry we couldn't work something out without me cutting a check to outside counsel.

I still hope we can resolve this matter shortly with his help.

## Robert Barnes
### Law Office of Curtis O Barnes
866-378-8545
rbarnes@locob.com
This email contains information which is confidential and/or is privileged.  The information contained herein is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email is strictly prohibited and this email should be immediately deleted.  Please notify us by return email if this email was not sent to its intended recipient.

**From:** Ronald Wilcox [mailto:ronaldwilcox@mac.com]
**Sent:** Monday, January 07, 2008 4:31 PM
**To:** Rob Barnes
**Subject:** Harrison v. Barnes


Dear Rob,

I was waiting to receive phone bills (reflecting the name and address of the long distance carrier, account #, etc.) showing all incoming and outgoing calls relating to this account. I do appreciate what you have sent, but I have not received the above.

Perhaps we will be able to make further progress towards resolving this matter after Defendants answer the complaint and Plaintiff is more aware
of Defendants' version of the facts and their defenses.

Please be kind enough to have your answer on file by Friday, January 11, 2008.

Thank you,


Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

Exhibit B

TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Curtis O. Barnes, P.C., Curtis O. Barnes,
Fortis Capital, LLC and Daniel Rupp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA HARRISON, | CASE NO.: C07 05529 RS |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANTS TO COMPLAINT** |
| CURTIS O. BARNES, P.C., CURTIS O. BARNES, FORTIS CAPITAL, LLC, and DANIEL RUPP, | |
| Defendants. | |

Defendants CURTIS O. BARNES, P.C., CURTIS O. BARNES ("Barnes"), FORTIS CAPITAL, LLC ("Fortis"), and DANIEL RUPP ("Rupp") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff RHONDA HARRISON ("Plaintiff"):

1.    In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (The "FDCPA") are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.    Denied.

3.    In answering Paragraph 3 of the Complaint, Defendants aver that the contents of the FDCPA, 15 U.S.C. § 1692 *et seq*. are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.    Admitted.

5.[1]    In answering Paragraph 5 (at page 2, line 23) of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d) and 28 U.S.C. § 1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.    In answering Paragraph 6 (at page 3, line 1) of the Complaint, Defendants admit that defendant Curtis O. Barnes, P.C. conducts business in this judicial district.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

5b.    In answering the second Paragraph 5b (at page 3, line 4) of the Complaint, Defendants admit, on information and belief that Plaintiff is a natural

---

[1]Defendants note that there are two paragraphs numbered "5" and "6" in the Complaint.  Defendants have labeled the second set as "5b" and "6b" and identifies each by page and line number.

1   person residing in San Jose, California. Defendants lack sufficient knowledge to

2   form a belief as to whether Plaintiff's financial obligation at issue was incurred

3   primarily for personal, family or household purposes, and therefore can neither

4   admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15

5   U.S.C. § 1692a(3) and on that basis, deny the allegation. Except as herein

6   admitted, the remaining allegations of Paragraph 5b are denied.

7       6b.    In answering Paragraph 6b (at page 3, line 6) of the Complaint,

8   Defendants admit that defendant Curtis O. Barnes, P.C. is a law firm in the State

9   of California with its principal place of business at 390 W. Cerritos Ave.,

10  Anaheim, CA 92805 that has, at times, engaged in the practice of the collection of

11  debts for third parties. Except as herein admitted, the remaining allegations of

12  Paragraph 6b are denied.

13      7.    In answering Paragraph 7 of the Complaint, Defendants admit that

14  Curtis O. Barnes, P.C. has, at times, acted as a debt collector as defined by the

15  FDCPA, 15 U.S.C. § 1692(a)(6). Except as herein admitted, the remaining

16  allegations of Paragraph 7 are denied.

17      8.    In answering Paragraph 8 of the Complaint, Defendants admit that

18  Barnes is the Chief Executive Officer of Curtis O. Barnes, P.C. and that he is

19  directly involved in the day-to-day operations of Curtis O. Barnes, P.C., including

20  training and managing of employees, and reviewing or supervising the review of

21  accounts. Defendants further admit that Barnes has engaged in the business of

22  collecting debts owed to third parties. Except as herein admitted, the remaining

23  allegations of Paragraph 8 are denied.

24      9.    In answering Paragraph 9 of the Complaint, Defendants admit that

25  Barnes has, at times, acted as a debt collector as defined by the FDCPA, 15 U.S.C.

26  § 1692(a)(6). Except as herein admitted, the remaining allegations of Paragraph 9

27  are denied.

28

1       10.    In answering Paragraph 10 of the Complaint, Defendants admit that

2   Fortis is a Nevada Limited Liability Corporation.  Except as herein admitted, the

3   remaining allegations of Paragraph 10 are denied.

4       11.    Denied.

5       12.    Denied.

6       13.    In answering Paragraph 13 of the Complaint, Defendants admit that

7   Rupp is an employee of Curtis Barnes, P.C. and that he has, at times, engaged in

8   the collection of debts for third parties.  Except as herein admitted, the remaining

9   allegations of Paragraph 13 are denied.

10      14.    In answering Paragraph 14 of the Complaint, Defendants admit that

11  Rupp has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692(a)(6)

12  and California Civil Code § 1788.2(c).  Except as herein admitted, the remaining

13  allegations of Paragraph 14 are denied.

14      15.    Denied.

15      16.    Denied.

16      17.    Defendants aver that no response to Paragraph 17 is required of them.

17      18.    In answering Paragraph 18 of the Complaint, Defendants admit that

18  Plaintiff incurred a debt to Bowflex but lack sufficient knowledge to form a belief

19  as to the remaining allegations of Paragraph 18, and on that basis, deny them.

20  Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

21      19.    In answering Paragraph 19 of the Complaint, Defendants admit that

22  Plaintiff's financial obligation was sold to Fortis.  Except as herein admitted, the

23  remaining allegations of Paragraph 19 are denied.

24      20.    In answering Paragraph 20 of the Complaint, Defendants admit that

25  Curtis O. Barnes, P.C. was engaged to collect the financial obligation of behalf of

26  Fortis.  Except as herein admitted, the remaining allegations of Paragraph 20 are

27  denied.

28

21.    In answering Paragraph 21 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. received a letter from Credit Solutions indicating that it represented Plaintiff. Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 21 of the Complaint and on that basis, deny them.

22.    Denied.

23.    In answering Paragraph 23 of the Complaint, Defendants admit that on or about January 24, 2007, Curtis O. Barnes, P.C. obtained Plaintiff's credit report which contained an addresses listed for Plaintiff in San Jose, California. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    Denied.

25.    In answering Paragraph 25 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent Plaintiff a letter dated January 25, 2007 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.    Denied.

27.    In answering Paragraph 27 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent Plaintiff a letter dated January 25, 2007 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.    In answering Paragraph 28 of the Complaint, Defendants admit that on or about February 27, 2007, Curtis O. Barnes, P.C. placed a telephone call in an attempt to reach Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.    In answering Paragraph 29 of the Complaint, Defendants admit that on or about February 27, 2007, a representative of Curtis O. Barnes, P.C. placed a telephone call in an attempt to reach Plaintiff. Defendants admit that the

representative spoke to a woman who identified herself as the wife of Plaintiff's landlord. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30.    In answering Paragraph 30 of the Complaint, Defendants admit that on or about February 27, 2007, a representative of Curtis O. Barnes, P.C. placed a telephone call in an attempt to reach Plaintiff. Defendants admit that the representative spoke to a woman who identified herself as the wife of Plaintiff's landlord, and that the representative left a message asking that Plaintiff return the call. Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31.    Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 31 of the Complaint and on that basis, deny them.

32.    In answering Paragraph 32 of the Complaint, Defendants admit that on or about February 28, 2007, a man identifying himself as Plaintiff's landlord called Curtis O. Barnes, P.C. and spoke with Rupp. Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

33.    Defendants presently lack sufficient knowledge to form a belief as to the allegations of Paragraph 33 of the Complaint and on that basis, deny them.

34.    In answering Paragraph 34 of the Complaint, Defendants admit that on or about February 28, 2007, a man identifying himself as Plaintiff's landlord called Curtis O. Barnes, P.C., spoke with Rupp and said that he would not give Rupp Plaintiff's phone number or place of employment, and that there was "an outfit" handling the matter. Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35.    In answering Paragraph 34 of the Complaint, Defendants admit that on or about February 28, 2007, a man identifying himself as Plaintiff's landlord called Curtis O. Barnes, P.C., spoke with Rupp, and said that he would not give

1  Rupp Plaintiff's phone number or place of employment but that he would give

2  Plaintiff Rupp's telephone number.  Except as herein admitted, the remaining

3  allegations of Paragraph 35 are denied.

4      36.    Denied.

5      37.    Denied.

6      38.    In answering Paragraph 38 of the Complaint, Defendants admit that

7  in his telephone conversation with Plaintiff's landlord, Rupp stated that he could

8  not disclose the name of the creditor to Plaintiff's landlord.  Except as herein

9  admitted, the remaining allegations of Paragraph 38 are denied.

10     39.    Denied.

11     40.    Denied.

12     41.    Denied.

13     42.    In answering Paragraph 42 of the Complaint, Defendants admit that

14 Plaintiff made telephone calls to Curtis O. Barnes, P.C. on or about February 28,

15 2007 and offered to make payment arrangements.  Except as herein admitted, the

16 remaining allegations of Paragraph 42 are denied.

17     43.    Denied.

18     44.    In answering Paragraph 44 of the Complaint, Defendants admit that

19 Plaintiff made telephone calls to Curtis O. Barnes, P.C. on or about February 28,

20 2007 and offered to pay $100 per month on her financial obligation.  Except as

21 herein admitted, the remaining allegations of Paragraph 44 are denied.

22     45.    Denied.

23     46.    In answering Paragraph 46 of the Complaint, Defendants deny, on

24 information and belief, that "Ms. Harrison said that what she makes may sound

25 like a lot bit it wasn't in light of her monthly expenses," that "Ms. Harrison

26 explained she was a single mother, living paycheck to paycheck" and that she

27

28

1    "continued to explain that she paid $1,250 for rent and over $700 for day care."

2    Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

3        47.    In answering Paragraph 47 of the Complaint, Defendants admit that

4    during the phone call with Plaintiff, the representative of Curtis O. Barnes, P.C.

5    informed Plaintiff that if they could not make an arrangement, he would

6    recommend further action on the account.  Except as herein admitted, the

7    remaining allegations of Paragraph 47 are denied.

8        48.    Denied.

9        49.    Denied.

10       50.    Denied.

11       51.    Denied.

12       52.    Denied.

13       53.    In answering Paragraph 53 of the Complaint, Defendants admit that

14   Plaintiff gave Curtis O. Barnes, P.C.'s representative the name of her place of

15   employment.  Except as herein admitted, the remaining allegations of Paragraph

16   53 are denied.

17       54.    Denied.

18       55.    In answering Paragraph 55 of the Complaint, Defendants lacks

19   sufficient knowledge to form a belief as to whether after her telephone

20   conversation with Rupp, "she had to take an hour away from work so that she

21   could calm down and stop crying" and on that basis, denies the allegation.  Except

22   as herein admitted, the remaining allegations of Paragraph 55 are denied.

23       56.    In answering Paragraph 56 of the Complaint, Defendants admit that

24   Rupp placed a telephone call to Plaintiff's employer on or about February 28,

25   2007.  Except as herein admitted, the remaining allegations of Paragraph 56 are

26   denied.

27

28

57.    In answering Paragraph 57 of the Complaint, Defendants admit that Rupp placed a telephone call to Plaintiff's employer on or about February 28, 2007 and left a message.  Defendants lack sufficient knowledge to form a belief as to whether the person with whom Rupp spoke was the Human Resources Manager and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 57 are denied.

58.    In answering Paragraph 58 of the Complaint, Defendants admit that Rupp placed a telephone call to Plaintiff's employer on or about February 28, 2007 and left a message.  Defendants lack sufficient knowledge to form a belief as to whether the person with whom Rupp spoke was the Human Resources Manager and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 58 are denied.

59.    Denied.

60.    Admitted.

61.    Admitted.

62.    Admitted.

63.    Denied.

64.    Denied.

65.    In answering Paragraph 65 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent a letter dated to Plaintiff, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 65 are denied.

66.    In answering Paragraph 66 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent a letter to Plaintiff, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 66 are denied.

67.    Denied.

1    68.    Denied.

2    69.    Denied.

3    70.    Denied.

4    71.    Denied.

5    72.    In answering Paragraph 72 of the Complaint, Defendants admit that

6    Rupp placed a telephone call on March 21, 2007 in an attempt to reach Plaintiff.

7    Except as herein admitted, the remaining allegations of Paragraph 72 are denied.

8    73.    In answering Paragraph 73 of the Complaint, Defendants admit that

9    Rupp placed a telephone call on March 21, 2007 in an attempt to reach Plaintiff.

10   Defendants also admit that a woman who identified herself as Dina called Curtis

11   O. Barnes, P.C. and spoke to Rupp on or about March 21, 2007.  Except as herein

12   admitted, the remaining allegations of Paragraph 73 are denied.

13   74.    Defendants deny, on information and belief, that Dina asked Rupp for

14   "the name of the person who retained his services" and on that basis also, denies

15   the remaining allegations of Paragraph 74 of the Complaint.

16   75.    Denied.

17   76.    In answering Paragraph 76 of the Complaint, Defendants admit that

18   during Rupp's conversation with Dina, Dina stated that she would have Plaintiff

19   call Curtis O. Barnes, P.C. back.  Except as herein admitted, the remaining

20   allegations of Paragraph 76 are denied.

21   77.    Denied.

22   78.    Defendant denies, on information and belief, the allegations of

23   Paragraph 78 of the Complaint.

24   79.    Denied.

25   80.    Denied.

26   81.    Denied.

27

28

82.    Defendants lacks sufficient knowledge to form a belief as to the allegations of Paragraph 82 of the Complaint and on that basis, deny them.

83.    Denied.

84.    Denied.

85.    Denied.

86.    In answering Paragraph 86 of the Complaint, Defendants admit that no defendant in this action sued Plaintiff.  Except as herein admitted, the remaining allegations of Paragraph 86 are denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    In answering Paragraph 92 of the Complaint, Defendants aver that the contents of the FDCPA, 15 U.S.C. § 1692 *et seq*. are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 92 are denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Defendants incorporate by reference paragraphs 1 through 95 above as if fully stated herein.

97.    Denied.

98.    Denied.

99.     Defendants incorporate by reference paragraphs 1 through 98 above as if fully stated herein.

100.   Denied.

101.   Denied.

1    102.   Defendants incorporate by reference paragraphs 1 through 101 above

2    as if fully stated herein.

3    103.   In answering Paragraph 103 of the Complaint, Defendants aver that

4    the contents of the FDCPA, 15 U.S.C. § 1692(a) are self-explanatory.  Except as

5    herein admitted, the remaining allegations of Paragraph 103 are denied.

6    104.   Denied.

7    105.   Denied.

8    106.   Denied.

9    107.   Denied.

10   108.   Denied.

11   109.   Denied.

12   110.   Defendants incorporate by reference paragraphs 1 through 109 above

13   as if fully stated herein.

14   111.   Denied.

15   112.   Denied.

16   113.   Denied.

17   114.   Denied.

18   115.   Defendants incorporate by reference paragraphs 1 through 114 above

19   as if fully stated herein.

20   116.   In answering Paragraph 116 of the Complaint, Defendants aver that

21   the contents of California Business & Professions Code section 6129 are self-

22   explanatory.  Except as herein admitted, the remaining allegations of Paragraph

23   116 are denied.

24   117.   Denied.

25   118.   Denied.

26   119.   Denied.

27

28

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

**SEVENTH  AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of

all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to on her unpaid account, including any recoverable interest and attorneys' fees.

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Not Debt Collector)

3       Defendant Fortis Capital LLC is not a debt collector under state or federal

4  law.  No Defendant is a debt collector under the Rosenthal Act.

5

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7

### (First Amendment)

8       Defendants' conduct is protected under the First Amendment of the United

9  States Constitution and the California Constitution.  Plaintiff's proposed

10  interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected

11  as they would place an unreasonable restraint upon Defendants' First Amendment

12  rights, thereby raising serious constitutional issues.

13

14       WHEREFORE, Defendants request judgment as follows:

15       1.   That Plaintiff takes nothing by the Complaint, which should be

16  dismissed with prejudice.

17       2.   That Defendants recover from Plaintiff their costs according to proof.

18       3.   That Defendants recover their attorneys' fees according to proof.

19       4.   That the Court orders such other further reasonable relief as the Court

20  may deem just and proper.

21

22  DATED: January 24, 2008          SIMMONDS & NARITA LLP

23

24

25                                  By:   s/Tomio Narita
                                         Tomio B. Narita
26                                       Attorneys for Defendants

27

28