RONALD WILCOX, Bar No. 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486

Counsel for Plaintiff

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RHONDA HARRISON<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CURTIS O. BARNES, P.C., CURTIS O. BARNES, FORTIS CAPITAL, LLC AND DANIEL RUPP,<br><br>　　　　Defendants. | Case No.: C07-05529 JF RS<br><br>DECLARATION OF RONALD WILCOX IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT<br><br>Date: April 18, 2008<br>Time: 9:00 a.m.<br><br>HON. JEREMY FOGEL<br>U.S. District Court<br>280 South 1st St.<br>San Jose, CA 95112 |

I, Ronald Wilcox, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. Plaintiff granted Defendants several extensions of time to Answer the Complaint while the parties discussed potentially resolving the matter. Then, on January 7, 2008, Plaintiff sent an e-mail requesting Defendants file Answers by January 11, 2008. Id. On January 11, 2008 Defendants sent Plaintiff's counsel an e-mail indicating they would be represented be San Francisco attorney- Tomio Narita. However, Mr. Narita made no effort to contact Plaintiff's attorney to inform him of the alleged representation. Plaintiff's counsel waited another five days, expecting to hear from Tomio Narita, but did not hear from him. On January 16, 2008, Plaintiff's counsel sent Mr. Narita a fax requesting Defendants answer the Complaint. **Exhibit 1**. Plaintiff waited another seven days, and still did not

hear from Mr. Narita.  Thus, Plaintiff waited more than two (2) weeks from when she first requested Defendants file an answer to the complaint before requesting a default, and waited twelve (12) days to hear from Defendants' alleged attorney, Mr. Narita.  On January 23, 2008, the Clerk entered defendants' defaults (Docket #10).

    2. Defendants have requested Plaintiff set aside the defaults.  Plaintiff offered a Stipulation to Set Aside the Defaults, Agree to Mediate, Set Schedule and [Proposed] Order.  Defendants rejected the stipulation.

    3. On January 25, 2008, Plaintiff sent Mr. Narita an e-mail and fax stating (**Exhibit 2**):

Dear Tomio,

I am writing to you about three (3) cases where you have failed to take appropriate action.

**I ask that you call me today at 11 a.m. to discuss these matters, or inform me what time you are available today and I will call you.**

**1. McIntyre v. Resurgence**
On December 11, 2007, we met and conferred by telephone for more than 30 minutes. Then on December 18, 2007, I served your client with written discovery, as we discussed during the telephone conversation.  Defendants have failed to properly respond to the discovery.  Therefore, the Requests to Admit are deemed admitted.  Furthermore, I sent you a draft CMC statement (within 14-days of the date we met and conferred, as required by the F.R.C.P.) and a Stipulation to Mediate.  You failed to respond to those e-mails, despite being required to do so by the rules.  On January 16, 2008, I again sent you a Stipulation to Mediate.  You failed to respond again.  Defendant has a duty to cooperate with Plaintiff in drafting a Joint CMC Statement pursuant to the F.R.C.P. and Orders of the Court.

I reviewed my files in other cases handled by your office and see a disturbing pattern of delay (see below e-mail):

**From:** Ronald Wilcox, Esq. [mailto:ronaldwilcox@yahoo.com]
**Sent:** Wednesday, December 14, 2005 8:05 AM
**To:** Tomio Narita
**Subject:** RE: Amber v. Krauss/CSC discovery requests


Dear Tomio,

The record reflects that the parties have met and conferred on several matters, including discovery. Whether or not the parties have completed their exchange of initial disclosures yet does not change that fact. We look forward to timely responses to the discovery requests

- 2 -

DECLARATION OF RONALD WILCOX IN OPPOSITION TO  MOTION TO SET ASIDE DEFAULT

pursuant to the Federal Rules of Civil Procedure.

Of course, if you would ever like to discuss something with me you are welcome to call.

Indeed, I will be here all day.

Thank you,

Other examples of your unwillingness to meet and confer with me and other counsel are plentiful. I simply request you fulfill your obligations under the F.R.C.P. so we can move matters along in the interest of judicial economy and efficiency.

Finally, you have also failed to provide available dates for depositions. Therefore, I will be noticing depositions forthwith.

**2. Harrison v. Barnes**
I have conferred with Robert Barnes, in-house counsel for Defendant Curtis O. Barnes, P.C. On Monday, January 7, 2008 I sent Robert Barnes an e-mail requesting Defendants answer the complaints no later than Friday, January 11, 2008. At about 5 p.m. on Friday, January 11, 2008, Robert Barnes sent an e-mail claiming he hired Tomio Narita to represent Defendants in this matter. However, you failed to contact me, and failed to timely file an Answer to the Complaint. Thereafter, on Wednesday, January 16, 2008, I faxed you a letter requesting the Defendants file answers to the complaints, or Plaintiff would be forced to take their defaults. Defendants failed to file an Answer to the Complaint and failed to seek an extension. As such, please be advised I took the defaults of the defendants on January 23, 2008

Ironically, in *Amber v. Krauss* (above) you and I stipulated to, and the Court granted, an Order allowing an Answer to be filed by 9/12/05. However, you ignored that Court order and failed to file an Answer, thereby forcing Plaintiff to again request your compliance with the rules after your client was in default for more than two weeks.

**3. Nicander v. Hecker**

Laurence Hecker has been stalling this matter since around December 20, 2007. At first he feigned that he needed an extension to discuss settlement. Then, after Plaintiff granted an extension he refused to discuss settlement or respond to my letters regarding such. Then he indicated he was hiring/hired a San Francisco attorney, but would not tell me who (as with *Harrison v. Barnes* above it appears you delayed in calling me). On January 23, 2008 Plaintiff filed a Request for Default. You have failed to file an Answer, failed to call me, and you are apparently attempting to cause the same unnecessary delays you caused above.[1]

**I ask that you call me today at 11 a.m. to discuss these matters, or inform me what time you are available today and I will call you.**

---

[1] In a letter dated January 25, 2008, Defendant Hecker alleged Tomio Narita would represent him. On January 29, 2008, Tomio Narita sent Plaintiff a letter indicating he did not represent Defedant Hecker. Mark Ellis currently represents Mr. Hecker and the parties agreed to set aside the defaults in that matter.

- 3 -

DECLARATION OF RONALD WILCOX IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT

4. On January 29, 2008, Plaintiff sent Mr. Narita another e-mail and fax (*Decl. of Ronald Wilcox*, ¶4. **Exhibit 3**):

Dear Tomio,

Attached please find an e-mail I sent you Friday, January 25, 2008 (also sent to you by fax). I am still waiting for you to tell me what time you are available to talk about theses three (3) cases. I am happy to call you tomorrow at 8 a.m. Otherwise, please tell me what time you are available and I will call you.

5. Plaintiff called Mr. Narita on February 1, 2008. In attempting to explain Defendants failure to timely answer the complaint Mr. Narita first stated that Defendants representative, Robert Barnes, went out of town for a trial and failed to secure Mr. Narita's representation before leaving town. Near the end of the conversation Mr. Narita then added he believed *one of the documents* (from one of the parties), necessary to retain him had been lost in the mail. Mr. Narita did not explain why Defendants did not answer by the extended deadline of January 11, 2008; or why he, and/or Defendants, failed to contact Plaintiff, or respond to Plaintiff's January 16, 2008 fax and e-mail stating unless an answer was filed Plaintiff would take a default. Id. Nor did he explain why he did not respond to the fax and confirm he was indeed representing Defendants and would file an answer.

6. On February 5, 2008 Plaintiff sent Mr. Narita the following e-mail. (**Exhibit 4**):

Dear Tomio,

Actually, I was waiting to hear back from you. When we spoke about this case on Friday, February 1, 2008, I [sic] I asked you about deposition dates for Defendants. You indicated they were not parties to the action (incidentally, if they are not parties to the action then I'm not sure they can sign a Joint CMC statement. Lets discuss the rules). As I mentioned, since they are not parties then Plaintiff will subpoena their depositions. Please obtain their available dates and call me this morning  (408-314-6210). Please don't make this like other cases where you refuse to provide available dates, causing Plaintiff to notice a deposition only to then have Defendants claim they have a calender conflict.

Additionally, I had been waiting for you to call me to explain what excusable neglect warranted setting aside the defaults. On Friday, February 1, 2008, you did not mention any. Also, as I mentioned, it seems like a waste of judicial resources and economy to set aside a default when this case comes down to damages. Lets use our time, and the court's time, wisely. To that end I think it would be wise to consent to the Magistrate Judge. Please let me know by today whether you will consent to the

- 4 -

DECLARATION OF RONALD WILCOX IN OPPOSITION TO  MOTION TO SET ASIDE DEFAULT

Magistrate Judge, otherwise I will request reassignment.

Thanks,

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

7.  Defendants have failed to demonstrate any excusable neglect and/or have failed to adequately explain any meritorious defense.  Defendants have developed a strategy and pattern of delay.  Such strategy is inconsistent with the Federal Rules of Civil Procedure, and thus, their Motion to Set Aside Default must be denied.

Executed at San Jose, CA, this 28 day of March 2008.

/s/Ronald Wilcox
Ronald Wilcox, #177601
2160 The Alameda, Suite F, 1st Floor
San Jose, CA 95126
Tel:  (408) 296-0400
Fax: (408) 296-0486

- 5 -

DECLARATION OF RONALD WILCOX IN OPPOSITION TO  MOTION TO SET ASIDE DEFAULT