TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Curtis O. Barnes, P.C., Curtis O. Barnes,
Fortis Capital, LLC and Daniel Rupp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS O. BARNES, P.C., CURTIS O. BARNES, FORTIS CAPITAL, LLC, and DANIEL RUPP,<br><br>Defendants. | CASE NO.: C07 05529 JF<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S DEFAULT (F.R.C. P. 55(c))**<br><br>Date:     April 18, 2008<br>Time:    9:00 a.m.<br>Crtrm.:  3, 5th Floor<br><br>The Honorable Jeremy Fogel |

1  The Plaintiff has not provided any basis for denying the present motion to set aside the Clerk's default. In fact, Plaintiff admits that she sought and obtained the default of Defendants Curtis O. Barnes, P.C., Curtis O. Barnes, Fortis Capital, LLC and Daniel Rupp ("Defendants") during the brief twelve day period when the Defendants were finalizing their representation with their counsel. Despite repeated requests to stipulate to set aside the default so that an Answer could be filed and the parties could proceed with their pretrial obligations, Plaintiff and her counsel have refused to cooperate, thereby burdening the Court with this motion and forcing Defendants to incur needless attorneys' fees.

Good cause exists for setting aside the default. It is undisputed that the initial delay in filing a response to the Complaint was a result of the parties' ongoing settlement discussions. It is also undisputed that the brief delay in retaining Defendants' present counsel was caused when the Defendants were not aware that their signed engagement agreement and retainer had been lost in the mail. It was reasonable for counsel for Defendants to refrain from contacting counsel for Plaintiff until the engagement was formalized.

The Defendants have meritorious defenses and they intend to assert them with vigor. All of Plaintiff's allegations in this case are based upon the contents of alleged collection phone calls. Thus, all of the claims will turn on the credibility of the Plaintiff and certain third parties. No prejudice will result to Plaintiff if the default is set aside so that the merits of the alleged claims can be addressed.

Rather than respond to the issues raised by this motion, the opposition papers filed by Plaintiff and her counsel are filled with wholly irrelevant and unsupported assertions about the alleged conduct of Defendants and their counsel in other cases. Plaintiff and her counsel may believe that it serves some strategic purpose to inject these irrelevant allegations into this case. They may believe that by filling the record with drivel and by increasing the cost of the defense of this

1  case, they will increase their settlement leverage.  Or, perhaps the act of launching
2  ad hominem attacks against Defendants and their counsel simply has a cathartic
3  effect on Plaintiff or her counsel.  But the <u>allegations</u> made against Defendants in
4  other cases (like those made in this case) do not amount to <u>evidence</u> of anything.
5  They are not relevant to the determination of whether the default should be set
6  aside in this action.
7       For these reasons, Defendants respectfully request that the Court enter an
8  Order, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, setting
9  aside their default.

11  DATED: April 3, 2008                    SIMMONDS & NARITA LLP

14                                          By:    s/Tomio Narita
                                                   Tomio B. Narita
15                                                 Attorneys for Defendants

HARRISON V. CURTIS O. BARNES, P.C. ET AL. (CASE NO. C07 05529 JF)
REPLY MEMO RE DEFENDANTS' MOTION TO SET ASIDE DEFAULT                    2.