TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:    (415) 352-2625
tnarita@snllp.com
rbowen@snllp.com

Attorneys for Defendants
Curtis O. Barnes, P.C., Curtis O. Barnes,
Fortis Capital, LLC and Daniel Rupp

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA HARRISON,<br><br>  Plaintiff,<br><br>  vs.<br><br>CURTIS O. BARNES, P.C., CURTIS O. BARNES, FORTIS CAPITAL, LLC, and DANIEL RUPP,<br><br>  Defendants. | CASE NO.: C07 05529 JF<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT** |

1    Defendants CURTIS O. BARNES, P.C., CURTIS O. BARNES ("Barnes"),
2 FORTIS CAPITAL, LLC ("Fortis"), and DANIEL RUPP ("Rupp") (collectively,
3 "Defendants") hereby submit the following Answer to the Complaint filed in this
4 action by plaintiff RHONDA HARRISON ("Plaintiff"):

5    1.    In answering Paragraph 1 of the Complaint, Defendants aver that the
6 contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (The
7 "FDCPA") are self-explanatory.  Except as herein admitted, the remaining
8 allegations of Paragraph 1 are denied.

9    2.    Denied.

10    3.    In answering Paragraph 3 of the Complaint, Defendants aver that the
11 contents of the FDCPA, 15 U.S.C. § 1692 *et seq*. are self-explanatory.  Except as
12 herein admitted, the remaining allegations of Paragraph 3 are denied.

13    4.    Admitted.

14    5.[1]    In answering Paragraph 5 (at page 2, line 23) of the Complaint,
15 Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under
16 15 U.S.C § 1692k(d) and 28 U.S.C. § 1337 and that supplemental jurisdiction
17 exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except as
18 herein admitted, the remaining allegations of Paragraph 5 are denied.

19    6.    In answering Paragraph 6 (at page 3, line 1) of the Complaint,
20 Defendants admit that defendant Curtis O. Barnes, P.C. conducts business in this
21 judicial district.  Except as herein admitted, the remaining allegations of Paragraph
22 5 are denied.

23    5b.    In answering the second Paragraph 5b (at page 3, line 4) of the
24 Complaint, Defendants admit, on information and belief that Plaintiff is a natural

---

[1] Defendants note that there are two paragraphs numbered "5" and "6" in the Complaint.  Defendants have labeled the second set as "5b" and "6b" and identifies each by page and line number.

person residing in San Jose, California. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 5b are denied.

      6b.    In answering Paragraph 6b (at page 3, line 6) of the Complaint, Defendants admit that defendant Curtis O. Barnes, P.C. is a law firm in the State of California with its principal place of business at 390 W. Cerritos Ave., Anaheim, CA 92805 that has, at times, engaged in the practice of the collection of debts for third parties. Except as herein admitted, the remaining allegations of Paragraph 6b are denied.

      7.    In answering Paragraph 7 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. has, at times, acted as a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6). Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

      8.    In answering Paragraph 8 of the Complaint, Defendants admit that Barnes is the Chief Executive Officer of Curtis O. Barnes, P.C. and that he is directly involved in the day-to-day operations of Curtis O. Barnes, P.C., including training and managing of employees, and reviewing or supervising the review of accounts. Defendants further admit that Barnes has engaged in the business of collecting debts owed to third parties. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

      9.    In answering Paragraph 9 of the Complaint, Defendants admit that Barnes has, at times, acted as a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6). Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendants admit that Fortis is a Nevada Limited Liability Corporation. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. Denied.

12. Denied.

13. In answering Paragraph 13 of the Complaint, Defendants admit that Rupp is an employee of Curtis Barnes, P.C. and that he has, at times, engaged in the collection of debts for third parties. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that Rupp has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692(a)(6) and California Civil Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. Denied.

16. Denied.

17. Defendants aver that no response to Paragraph 17 is required of them.

18. In answering Paragraph 18 of the Complaint, Defendants admit that Plaintiff incurred a debt to Bowflex but lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 18, and on that basis, deny them. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff's financial obligation was sold to Fortis. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. was engaged to collect the financial obligation of behalf of Fortis. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. received a letter from Credit Solutions indicating that it represented Plaintiff. Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 21 of the Complaint and on that basis, deny them.

22. Denied.

23. In answering Paragraph 23 of the Complaint, Defendants admit that on or about January 24, 2007, Curtis O. Barnes, P.C. obtained Plaintiff's credit report which contained an addresses listed for Plaintiff in San Jose, California. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. Denied.

25. In answering Paragraph 25 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent Plaintiff a letter dated January 25, 2007 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. Denied.

27. In answering Paragraph 27 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent Plaintiff a letter dated January 25, 2007 to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendants admit that on or about February 27, 2007, Curtis O. Barnes, P.C. placed a telephone call in an attempt to reach Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. In answering Paragraph 29 of the Complaint, Defendants admit that on or about February 27, 2007, a representative of Curtis O. Barnes, P.C. placed a telephone call in an attempt to reach Plaintiff. Defendants admit that the

1  representative spoke to a woman who identified herself as the wife of Plaintiff's
2  landlord. Except as herein admitted, the remaining allegations of Paragraph 29 are
3  denied.

4      30.    In answering Paragraph 30 of the Complaint, Defendants admit that
5  on or about February 27, 2007, a representative of Curtis O. Barnes, P.C. placed a
6  telephone call in an attempt to reach Plaintiff. Defendants admit that the
7  representative spoke to a woman who identified herself as the wife of Plaintiff's
8  landlord, and that the representative left a message asking that Plaintiff return the
9  call. Except as herein admitted, the remaining allegations of Paragraph 30 are
10 denied.

11     31.    Defendants lack sufficient knowledge to form a belief as to the
12 allegations of Paragraph 31 of the Complaint and on that basis, deny them.

13     32.    In answering Paragraph 32 of the Complaint, Defendants admit that
14 on or about February 28, 2007, a man identifying himself as Plaintiff's landlord
15 called Curtis O. Barnes, P.C. and spoke with Rupp. Except as herein admitted, the
16 remaining allegations of Paragraph 32 are denied.

17     33.    Defendants presently lack sufficient knowledge to form a belief as to
18 the allegations of Paragraph 33 of the Complaint and on that basis, deny them.

19     34.    In answering Paragraph 34 of the Complaint, Defendants admit that
20 on or about February 28, 2007, a man identifying himself as Plaintiff's landlord
21 called Curtis O. Barnes, P.C., spoke with Rupp and said that he would not give
22 Rupp Plaintiff's phone number or place of employment, and that there was "an
23 outfit" handling the matter. Except as herein admitted, the remaining allegations
24 of Paragraph 34 are denied.

25     35.    In answering Paragraph 34 of the Complaint, Defendants admit that
26 on or about February 28, 2007, a man identifying himself as Plaintiff's landlord
27 called Curtis O. Barnes, P.C., spoke with Rupp, and said that he would not give
28

1  Rupp Plaintiff's phone number or place of employment but that he would give
2  Plaintiff Rupp's telephone number. Except as herein admitted, the remaining
3  allegations of Paragraph 35 are denied.

4      36.    Denied.

5      37.    Denied.

6      38.    In answering Paragraph 38 of the Complaint, Defendants admit that
7  in his telephone conversation with Plaintiff's landlord, Rupp stated that he could
8  not disclose the name of the creditor to Plaintiff's landlord. Except as herein
9  admitted, the remaining allegations of Paragraph 38 are denied.

10      39.    Denied.

11      40.    Denied.

12      41.    Denied.

13      42.    In answering Paragraph 42 of the Complaint, Defendants admit that
14  Plaintiff made telephone calls to Curtis O. Barnes, P.C. on or about February 28,
15  2007 and offered to make payment arrangements. Except as herein admitted, the
16  remaining allegations of Paragraph 42 are denied.

17      43.    Denied.

18      44.    In answering Paragraph 44 of the Complaint, Defendants admit that
19  Plaintiff made telephone calls to Curtis O. Barnes, P.C. on or about February 28,
20  2007 and offered to pay $100 per month on her financial obligation. Except as
21  herein admitted, the remaining allegations of Paragraph 44 are denied.

22      45.    Denied.

23      46.    In answering Paragraph 46 of the Complaint, Defendants deny, on
24  information and belief, that "Ms. Harrison said that what she makes may sound
25  like a lot bit it wasn't in light of her monthly expenses," that "Ms. Harrison
26  explained she was a single mother, living paycheck to paycheck" and that she

27
28

"continued to explain that she paid $1,250 for rent and over $700 for day care." Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

47. In answering Paragraph 47 of the Complaint, Defendants admit that during the phone call with Plaintiff, the representative of Curtis O. Barnes, P.C. informed Plaintiff that if they could not make an arrangement, he would recommend further action on the account. Except as herein admitted, the remaining allegations of Paragraph 47 are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. In answering Paragraph 53 of the Complaint, Defendants admit that Plaintiff gave Curtis O. Barnes, P.C.'s representative the name of her place of employment. Except as herein admitted, the remaining allegations of Paragraph 53 are denied.

54. Denied.

55. In answering Paragraph 55 of the Complaint, Defendants lacks sufficient knowledge to form a belief as to whether after her telephone conversation with Rupp, "she had to take an hour away from work so that she could calm down and stop crying" and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 55 are denied.

56. In answering Paragraph 56 of the Complaint, Defendants admit that Rupp placed a telephone call to Plaintiff's employer on or about February 28, 2007. Except as herein admitted, the remaining allegations of Paragraph 56 are denied.

57. In answering Paragraph 57 of the Complaint, Defendants admit that Rupp placed a telephone call to Plaintiff's employer on or about February 28, 2007 and left a message. Defendants lack sufficient knowledge to form a belief as to whether the person with whom Rupp spoke was the Human Resources Manager and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 57 are denied.

58. In answering Paragraph 58 of the Complaint, Defendants admit that Rupp placed a telephone call to Plaintiff's employer on or about February 28, 2007 and left a message. Defendants lack sufficient knowledge to form a belief as to whether the person with whom Rupp spoke was the Human Resources Manager and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 58 are denied.

59. Denied.

60. Admitted.

61. Admitted.

62. Admitted.

63. Denied.

64. Denied.

65. In answering Paragraph 65 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent a letter dated to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 65 are denied.

66. In answering Paragraph 66 of the Complaint, Defendants admit that Curtis O. Barnes, P.C. sent a letter to Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 66 are denied.

67. Denied.

1. 68. Denied.
2. 69. Denied.
3. 70. Denied.
4. 71. Denied.
5. 72. In answering Paragraph 72 of the Complaint, Defendants admit that Rupp placed a telephone call on March 21, 2007 in an attempt to reach Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 72 are denied.
6. 73. In answering Paragraph 73 of the Complaint, Defendants admit that Rupp placed a telephone call on March 21, 2007 in an attempt to reach Plaintiff. Defendants also admit that a woman who identified herself as Dina called Curtis O. Barnes, P.C. and spoke to Rupp on or about March 21, 2007. Except as herein admitted, the remaining allegations of Paragraph 73 are denied.
7. 74. Defendants deny, on information and belief, that Dina asked Rupp for "the name of the person who retained his services" and on that basis also, denies the remaining allegations of Paragraph 74 of the Complaint.
8. 75. Denied.
9. 76. In answering Paragraph 76 of the Complaint, Defendants admit that during Rupp's conversation with Dina, Dina stated that she would have Plaintiff call Curtis O. Barnes, P.C. back. Except as herein admitted, the remaining allegations of Paragraph 76 are denied.
10. 77. Denied.
11. 78. Defendant denies, on information and belief, the allegations of Paragraph 78 of the Complaint.
12. 79. Denied.
13. 80. Denied.
14. 81. Denied.

1  82.  Defendants lacks sufficient knowledge to form a belief as to the allegations of Paragraph 82 of the Complaint and on that basis, deny them.

83.  Denied.

84.  Denied.

85.  Denied.

86.  In answering Paragraph 86 of the Complaint, Defendants admit that no defendant in this action sued Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 86 are denied.

87.  Denied.

88.  Denied.

89.  Denied.

90.  Denied.

91.  Denied.

92.  In answering Paragraph 92 of the Complaint, Defendants aver that the contents of the FDCPA, 15 U.S.C. § 1692 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 92 are denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Defendants incorporate by reference paragraphs 1 through 95 above as if fully stated herein.

97.  Denied.

98.  Denied.

99.  Defendants incorporate by reference paragraphs 1 through 98 above as if fully stated herein.

100.  Denied.

101.  Denied.

102. Defendants incorporate by reference paragraphs 1 through 101 above as if fully stated herein.

103. In answering Paragraph 103 of the Complaint, Defendants aver that the contents of the FDCPA, 15 U.S.C. § 1692(a) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 103 are denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Defendants incorporate by reference paragraphs 1 through 109 above as if fully stated herein.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants incorporate by reference paragraphs 1 through 114 above as if fully stated herein.

116. In answering Paragraph 116 of the Complaint, Defendants aver that the contents of California Business & Professions Code section 6129 are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 116 are denied.

117. Denied.

118. Denied.

119. Denied.

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of

all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes to on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Debt Collector)

Defendant Fortis Capital LLC is not a debt collector under state or federal law. No Defendant is a debt collector under the Rosenthal Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: August 21, 2008
SIMMONDS & NARITA LLP
TOMIO B. NARITA
ROBIN M. BOWEN

By: ___s/Robin M. Bowen___
Robin M. Bowen
Attorneys for Defendants